Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
PHYLICIA APPLEWHITE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | |
|---|---|
| PHYLICIA APPLEWHITE,<br><br>    Plaintiff,<br><br>  v.<br><br>VALOR INTELLIGENT<br>PROCESSING, LLC,<br><br>    Defendant. | Case No.: '22CV1763 L    BLM<br><br>**PLAINTIFF'S<br>COMPLAINT** |

## PLAINTIFF'S COMPLAINT

Plaintiff, PHYLICIA APPLEWHITE ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, VALOR INTELLIGENT PROCESSING, LLC ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA).

2. Count II of the Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Spring Valley, San Diego County, State of California.

8. Plaintiff is a consumer as that term is defined by the FDCPA and RFDCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and RFDCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA and

RFDCPA.

11. Within the past year of Plaintiff filling this complaint, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency based in the City of Jacksonville, Duval County, State of Florida.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff.

20. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

21. In or around April 2022, Defendant began calling Plaintiff on Plaintiff's telephone number at xxx-xxx-9553, in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from 619-730-7120, which is one of Defendant's telephone numbers.

23. On or about June 16, 2022 at 9:02 a.m., Plaintiff answered Defendant's call and spoke with one of Defendant's male collectors, Jason.

24. During the above-mentioned conversation with Jason:

   a. Plaintiff requested for Jason to explain the purpose of his call.

   b. Jason did not disclose the communication is an attempt to collect a debt.

   c. Jason did not disclose the communication is from a debt collector.

   d. Plaintiff requested for Defendant to stop calling her.

   e. Plaintiff requested for Defendant to communicate with Plaintiff in

writing.

    f. Jason falsely represented that Defendant could not send Plaintiff written correspondence then abruptly terminated the call.

25. On June 16, 2022 at 9:03 a.m., Plaintiff called Defendant back and spoke with Defendant's female collector, J.W.

26. During the above-mentioned conversation with J.W.:

    a. Plaintiff explained that Jason had just hung up on her and that she wanted to report Jason to a manager.

    b. J.W. falsely represented that she is a manager.

    c. Plaintiff requested for Defendant to communicate with Plaintiff in writing.

    d. J.W. hung up on Plaintiff.

27. Despite the foregoing, Defendant continued to call Plaintiff's telephone unabated in an attempt to collect the alleged debt.

28. During the above-mentioned conversations, Defendant did not disclose the communication is from Valor Intelligent Processing.

29. Defendant is or should be familiar with the FDCPA and the RFDCPA.

30. Defendant knows or should know the FDCPA and the RFDCPA require a debt collector to disclose the caller's identity when communicating with a consumer.

31. Defendant knows or should know the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose when communicating with a consumer.

32. Defendant engaged in the foregoing conduct with the intent to harass Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-two (32) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

34. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant's collectors hung up on Plaintiff and when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling her;

   b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at

     the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling her;

c. Defendant violated § 1692d(6) of the FDCPA by placing a telephone call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant's collectors spoke with Plaintiff and did not disclose the communication is from Valor Intelligent Processing;

d. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, when Defendant falsely represented that Defendant cannot communicate with Plaintiff in writing and when J.W. falsely represented that she is a manager;

f. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant's

  collectors spoke with Plaintiff and did not disclose the communication is from a debt collector and that any information obtained will be used for that purpose; and

 g. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, PHYLICIA APPLEWHITE, respectfully requests judgment be entered against Defendant, VALOR INTELLIGENT PROCESSING, LLC, for the following:

35. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

36. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

37. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

38. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-two (32) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. Defendant violated the RFDCPA based on the following:

   a. Defendant violated § 1788.11(b) of the RFDCPA by placing telephone calls without disclosure of the caller's identity, when Defendant's collectors spoke with Plaintiff and did not disclose the communication is from Valor Intelligent Processing; and

   b. Defendant violated the § 1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, PHYLICIA APPLEWHITE, respectfully requests judgment be entered against Defendant, VALOR INTELLIGENT PROCESSING, LLC, for the following:

41. Actual damages pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(a);

42. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

43. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

44. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: October 28, 2022     By: /s/ Michael S. Agruss
                                Michael S. Agruss
                                Attorney for Plaintiff